### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| G. M. SIGN, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons | ) ) ) ) | FILED: JANUARY 28, 2009<br>09CV560<br>JUDGE ANDERSEN<br>MAGISTRATE JUDGE KEYS<br>BR |
| Plaintiff | ) ) | Case No. _____ |
| v. | ) ) | (Circuit Court of the 19th Judicial Circuit, |
| NATIONWIDE ARCHITECHTURAL METALS, INC., | ) ) ) | Lake County, Illinois<br>Case No. 2008 CH 4998) |
| Defendant. | ) ) | |

### NOTICE OF REMOVAL

Defendant, Nationwide Architectural Metals, Inc., ("Defendant"), hereby gives notice of removal of this action from the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, Chancery Division, and states as follows:

1.　　On or about January 12, 2009, Plaintiff, G.M. Sign, Inc. ("Plaintiff") commenced an action against Defendant in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, Chancery Division, styled as *G.M. Sign, Inc., an Illinois corporation, individually and as the representative of a class of similarly-situated persons v. Nationwide Architectural Metals, Inc.*, Case No. 08 CH 4998 (the "Complaint"). In accordance with 28 U.S.C. §1446 (a), a copy of the Complaint, as well as other process served upon Defendant, are attached to this Notice of Removal as Exhibit A.

2.　　Defendant was served with process on January 12, 2009. Defendant is filing this Notice of Removal within thirty (30) days from the date of service. This Notice of Removal is, therefore, timely filed pursuant to 28 U.S.C. §1446(b).

3.     The Complaint consists of three counts.  In Count I, Plaintiff alleges violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §227.  In Count II, Plaintiff alleges a common law claim for conversion.  In Count III, Plaintiff alleges violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2.

4.     At the same time that the Complaint was filed, Plaintiff also filed a Motion for Class Certification, attached to this Notice of Removal as Exhibit B.

5.     No responsive pleadings to the Complaint have been filed.  No further related proceedings have been heard in the State Court action.

6.     Removal in this case is proper because the district court has original jurisdiction in all cases arising under the laws of the United States.  28 U.S.C. §1331.  Plaintiff's case arises under the laws of the United States because the TCPA is a law of the United States, and Plaintiff seeks recovery under that law. *See Brill v. Countrywide Home Loans*, 427 F.3d 446, 451 (7th Cir. 2005) (removal of complaint alleging violations of the TCPA is appropriate).

7.     The district court has supplemental jurisdiction over Plaintiff's claims alleging common law conversion and violations of the ICFA because they are so related to the TCPA claim that they form part of the same cause or controversy.  28 U.S.C. §1367.  Supplemental jurisdiction, therefore, should not be refused under 28 U.S.C. §§1441 (c).  Plaintiff's claims do not raise unusually novel or complex issues of state law, and Plaintiff's state law claims do not substantially predominate over its federal claim.

8.     Pursuant to 28 U.S.C. §1446 (d), Defendant shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, and serve the Plaintiff with this Notice of Removal promptly after filing this Notice.  A copy of the Notice of Filing to be filed in the state court is attached hereto as Exhibit C.

WHEREFORE, Defendant, Nationwide Architectural Metals, Inc., gives notice that the Action, which is pending in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, Chancery Division, is being removed therefrom to this Court.

s/ Sheila A. Loop

William J. Serritella
Sheila A. Loop, ARDC #6280495
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, Illinois 60611
(312) 828-9600
Attorneys for Defendant.

509181v1

3



IN THE CIRCUIT COURT OF THE 19ᵀᴴ JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

FILED
DEC 29 2008
*Sanford Coffett*
CIRCUIT CLERK

| | |
|---|---|
| G. M. SIGN, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NATIONWIDE ARCHITECTURAL METALS, INC., | ) ) ) |
| Defendant. | ) |

08 CH 4998

## CLASS ACTION COMPLAINT

Plaintiff, G. M. SIGN, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, NATIONWIDE ARCHITECTURAL METALS, INC. ("Defendant"):

## PRELIMINARY STATEMENT

1.     This case challenges Defendant's practice of faxing unsolicited advertisements.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for



Ex. A

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.    Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Lake County, Illinois.

8.    Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.    Plaintiff is an Illinois corporation with its principal place of business in Round Lake, Lake County, Illinois.

10.    On information and belief, Defendant, NATIONWIDE ARCHITECTURAL METALS, INC. is a New Jersey corporation with its principal place of business in Hickory, North Carolina.

## FACTS

2

11. On or about November 5, 2008 Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12. Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13. On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

15. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes and (4) with whom Defendant does not have an established business relationship.

17. A class action is warranted because:

(a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

3

(b)     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)     Whether Defendant sent unsolicited fax advertisements;

(ii)    Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)     Whether Defendant violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)   Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)  Whether the Court should award trebled damages.

18.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

4

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...," 47 U.S.C. § 227(b)(1).

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

> 3.    Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

24.    Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.    The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.    Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax

5

D.     That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant does not have an established business relationship.

31.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)     Whether Defendant committed the tort of conversion.

7

32. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34. By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36. By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

8

39.     Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

40.     Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, G. M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, NATIONWIDE ARCHITECTURAL METALS, INC., as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award costs of suit; and

D.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

9

41. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42. In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant does not have an established business relationship.

43. A class action is proper in that:

    (a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

    (b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

        (i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

        (ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

        (iii)    Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

        (iv)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

10

(v)     Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.    Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.    Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.    Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax

11

machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, G. M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, NATIONWIDE ARCHITECTURAL METALS, INC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages to Plaintiff and the other class members;

C. That the Court award attorney fees and costs;

D. That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

G. M. SIGN, INC., individually and as the representative of a class of similarly-situated persons

By: _____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
#3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

12

# EXHIBIT A

Attn: Purchasing
From: Dean Hickel

*Nationwide Architectural Metals, Inc.*

231 9th St Ln SE
Hickory, NC 28602.
828/322-2508
828/322-8240 FAX
800/861-5053 (Out of State)

Dean C. Hickel
Sales Manager

NON-FERROUS AND ARCHITECTURAL METALS POLISHED TO SPECIFICATIONS

## SUMMONS

### IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

G.M. SIGN, INC., an Illinois corporation,
individually and as the representative of a
class of similarly-situated persons,

)
)
)
)
)
)
)

Plaintiffs)

08 CH 4998

No. _____

vs.

Nationwide Architectural Metals, Inc.

)
)
)
)

Serve: Claudio Hickel, Reg. Agent
231 9th Street Ln., SE
Hickory, NC 28602

)
)
)
)
)

Defendants)

To each of the above-named defendants:

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

WITNESS SALLY D. COFFELT, Clerk of said Circuit Court, and the seal thereof at Waukegan, Illinois, this _____ day of DEC 2 9 2009 _____ A.D., 20____

_Sally D Coffelt_
SALLY D. COFFELT, Clerk

Plaintiff's Attorney:
(or plaintiff, if he be not represented by attorney) Anderson + Wanca
3701 Algonquin Rd., Suite 760
Address Rolling Meadows, IL 60008
Telephone 847-368-1500

Date of Service: __1/12/09__, 20____
(To be inserted by officer on copy left with defendant or other person.)

171-138 Rev 8/00

F I L E D

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS DEC 28 2008

G. M. SIGN, INC., an Illinois corporation,
individually and as the representative of a class of
similarly-situated persons,

Plaintiff,

v.

NATIONWIDE ARCHITECTURAL METALS,
INC.,

Defendant.

)
)
)
)
)
)
)
)
)
)
)

*signature*
CIRCUIT CLERK

08 CH 4998

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, G. M. SIGN, INC., by its attorneys, Anderson + Wanca and Bock & Hatch,

LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class

action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom
> Defendant does not have an established business relationship.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom
> Defendant does not have an established business relationship.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or



invitation for the sending of such faxes, and (4) with whom
Defendant does not have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, G. M. SIGN, INC., prays that this court enter an order pursuant

to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

G. M. SIGN, INC., individually, and as the
representative for a class of similarly-situated
persons

By:    *Brian J. Wanca*

One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
#3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle St., #1000
Chicago, IL 60602
Telephone: 312/658-5500
Fax: 312/658-5555
#6224502

2

## IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| G. M. SIGN, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons | ) ) ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 08 CH 4998 |
| | ) | |
| NATIONWIDE ARCHITECTURAL METALS, INC., | ) ) | |
| | ) | |
| Defendant | ) | |

### NOTICE OF FILING

TO:   Brian Wanca                                    Phillip A. Bock
      ANDERSON + WANCA                         BOCK & HATCH, LLC
      3701 Algonquin Road, Suite 760        134 N. LaSalle Street, Suite 1000
      Rolling Meadows, Illinois 60008        Chicago, Illinois 60602
      Attorney for Plaintiff                     Attorney for Plaintiff

        PLEASE TAKE NOTICE that defendant, Nationwide Architectural Metals, Inc., has filed this day with the United States District Court for the Northern District of Illinois, a **Notice of Removal** of this action from the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois.  A copy of the Notice of Removal is attached hereto.

        SUBMITTED this _____ day of January 2009.

                                ARONBERG GOLDGEHN DAVIS & GARMISA

                        By:_____
                                Sheila A. Loop
                                ARDC #6280495

ARONBERG GOLDGEHN DAVIS & GARMISA
William J. Serritella
Sheila A. Loop
330 N. Wabash, Suite 1700
Chicago, IL  60611
(312) 828-9600
(312) 828-9635 (fax)
#509198



## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | | |
|---|---|---|
| G. M. SIGN, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons | ) ) ) ) | |
| Plaintiff | ) ) | Case No. _____ |
| v. | ) ) | (Circuit Court of the 19th Judicial Circuit, |
| NATIONWIDE ARCHITECHTURAL METALS, INC., | ) ) ) | Lake County, Illinois Case No. 2008 CH 4998) |
| Defendant. | ) ) | |

### NOTICE OF REMOVAL

Defendant, Nationwide Architectural Metals, Inc., ("Defendant"), hereby gives notice of removal of this action from the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, Chancery Division, and states as follows:

1. On or about January 12, 2009, Plaintiff, G.M. Sign, Inc. ("Plaintiff") commenced an action against Defendant in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, Chancery Division, styled as *G.M. Sign, Inc., an Illinois corporation, individually and as the representative of a class of similarly-situated persons v. Nationwide Architectural Metals, Inc.*, Case No. 08 CH 4998 (the "Complaint"). In accordance with 28 U.S.C. § 1446 (a), a copy of the Complaint, as well as other process served upon Defendant, are attached to this Notice of Removal as Exhibit A.

2. Defendant was served with process on January 12, 2009. Defendant is filing this Notice of Removal within thirty (3) days from the date of service. This Notice of Removal is, therefore, timely filed pursuant to 28 U.S.C. § 1446 (b).

3.      The Complaint consists of three counts.  In Count I, Plaintiff alleges violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.  In Count II, Plaintiff alleges a common law claim for conversion.  In Count III, Plaintiff alleges violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2.

4.      At the same time that the Complaint was filed, Plaintiff also filed a Motion for Class Certification, attached to this Notice of Removal as <u>Exhibit B</u>.

5.      No responsive pleadings to the Complaint have been filed.  No further related proceedings have been heard in the State Court action.

6.      Removal in this case is proper because the district court has original jurisdiction in all cases arising under the laws of the United States.  28 U.S.C. § 1331.  Plaintiff's case arises under the laws of the United States because the TCPA is a law of the United States and Plaintiff seeks recovery under that law.  *See Brill v. Countrywide Home Loans*, 427 F.3d 446, 451 (7th Cir. 2005) (removal of complaint alleging violations of the TCPA is appropriate).

7.      The district court has supplemental jurisdiction over Plaintiff's claims alleging common law conversion and violations of the ICFA because they are so related to the TCPA claim that they form part of the same cause or controversy.  28 U.S.C. § 1367.  Supplemental jurisdiction, therefore, should not be refused under 28 U.S.C. §§ 1441 (c).  Plaintiff's claims do not raise unusually novel or complex issues of state law, and Plaintiff's state law claims do not substantially predominate over its federal claim.

8.      Pursuant to 28 U.S.C. § 1446 (d), Defendant shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, and serve the Plaintiff with this Notice of Removal promptly after filing this Notice.  A copy of the Notice of Filing to be filed in the state court is attached hereto as <u>Exhibit C</u>.

WHEREFORE, Defendant, Nationwide Architectural Metals, Inc., gives notice that the Action, which is pending in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, Chancery Division, is being removed therefrom to this Court.

s/ Sheila A. Loop

William J. Serritella
Sheila A. Loop, ARDC #
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, Illinois 60611
(312) 828-9600
Attorneys for Defendant.

509181v1

3