IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| G. M. SIGN, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 09 CV 560 |
| V | ) ) | Judge Andersen |
| NATIONWIDE ARCHITECTURAL METALS, INC., | ) ) ) ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTION FOR SETTLEMENT CONFERENCE</u>**

Defendant, Nationwide Architectural Metals, Inc. ("Nationwide"), pursuant to Federal Rule of Civil Procedure 16[1], hereby moves this Court to order the Plaintiff, G.M. Sign, Inc. ("Plaintiff") and Nationwide Architectural Metals, Inc. ("Nationwide") to conduct a pretrial settlement conference at a time and place designated by the Court. In support of its Motion, Nationwide states as follows:

1. On December 29, 2008, Plaintiff filed a Class Action Complaint (the "Complaint") and a Motion for Class Certification in Lake County, Illinois. On January 27, 2009, Nationwide removed the case to the Northern District of Illinois. The Complaint is brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and contains allegations that Nationwide unlawfully sent unsolicited faxes.

2. The parties first appeared before the Court on April 30, 2009, at the presentment

---

[1] Federal Rules of Civil Procedure will hereinafter be abbreviated as "FRCP ___".

of Plaintiff's Motion to Compel certain discovery responses. At that time, the Court ordered Plaintiff to re-notice the Motion and present it before Magistrate Judge Keys, who is assigned to oversee discovery in this action. Also at that time, the Court suggested that the parties conduct a pretrial settlement conference prior to the completion of discovery, specifically so the parties could avoid the needless time and expense that completing discovery requires[2].

3. The Motion to Compel was re-noticed before Judge Keys, and on June 5, 2009, Judge Keys granted Plaintiff's Motion to compel, ordering Nationwide to produce all outstanding requested documents and responses to interrogatories within twenty-one (21) days of that date.

4. The crux of Nationwide's objection to a majority of Plaintiff's discovery requests is that the requests go beyond what the Plaintiff is entitled to receive at this stage of the proceedings, and the requests go to the merits of the case, rather than the narrow issue of class certification. However, underlying this objection is the unavoidable fact that this case is ripe for a pretrial settlement conference. FRCP 16 (a) provides that the purposes of conducting a pretrial conference are as follows:

> (1) expediting disposition of the action;
>
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
>
> (3) discouraging wasteful pretrial activities;
>
> (4) improving the quality of the trial through more thorough preparation; and
>
> (5) facilitating settlement.

FRCP 16(a).

---

[2] It bears notice that at the same April 20, 2009 appearance, the Court suggested to Plaintiff's counsel that any judgment recovered in this case be donated to charity.

Ordering the parties in this case to participate in a pretrial conference could potentially accomplish all of the aforementioned purposes.

5. Moreover, the Court has broad discretion to follow the letter and spirit of FRCP 16 by ordering the parties to conduct a pretrial conference and expedite a mutually beneficial resolution in this case. *See, e.g., Carr v. Runyan*, 89 F.3d 327 (7th Cir. 1996) ("Given that the power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation, the exercise of that power is particularly appropriate for deferential review").

6. Thus far, Plaintiff has yet to make a settlement demand in this case and appears to have assumed the posture that it is out to destroy Nationwide's business in pursuit of its claims. However, this posture is entirely antithetic to the spirit of the judicial process. Through the limited discovery that has been conducted thus far, it has been learned that: (1) Nationwide is a family-owned small business that is managed and operated by four family members and does not have significant assets; (2) Nationwide has no insurance coverage for this action, and has been paying for its defense out-of-pocket and will ultimately be required to pay a judgment, if any, out-of-pocket, which would surely cause the business to close; and (3) Nationwide did not hire a third-party to "fax blast" their fax on its behalf, and it did not purchase a list of phone numbers from a third party; rather, as Nationwide has informed Plaintiff--both through its discovery responses and by telephone conference with Plaintiff's counsel—Nationwide sent, by hand, announcements of Nationwide's move from New Jersey to North Carolina only to customers which appeared in Nationwide's database and to customers with whom Nationwide had previously done business.

7. Moreover, this very Plaintiff, with the very same counsel, currently has approximately 44 TCPA cases pending against various businesses in courts throughout Illinois alone (likely more by the date of the filing of this Motion). Indeed, Plaintiff's counsel has readily volunteered the fact that he has recovered, at a minimum, $33,000,000 so far this year in cases brought pursuant to the TCPA. At the outset of this case, counsel for Plaintiff informed counsel for Defendant that Plaintiff's intent was not to close Nationwide's business. If that is truly not its intent, then Plaintiff will have no objection to submitting to a pretrial settlement conference at a time and place designated by the Court.

WHEREFORE, Defendant Nationwide Architectural Metals, Inc. moves the Court to enter an order requiring the parties or their attorneys to be present for a pretrial settlement conference at a time and place designated by the Court, including any other relief that the Court deems just and proper.

Dated: June 15, 2009                    s/ Sheila A. Loop

                                       William J. Serritella, Jr., ARDC #6210001
                                       Sheila A. Loop, ARDC #6280495
                                       Aronberg Goldgehn Davis & Garmisa
                                       330 North Wabash, Suite 1700
                                       Chicago, Illinois 60611
                                       (312) 828-9600
                                       Attorneys for Defendant

524706